CAPITAL TELEPHONE CO., INC., Tri-City Telephone Co., Inc., Peter A. Bakal and New York Telephone Company, Petitioners,

v.

FEDERAL COMMUNICATIONS COMMISSION and the United States of America, Respondents.

Nos. 528, 377, Dockets 85–4108, 85–4100.

United States Court of Appeals, Second Circuit.

Argued Nov. 14, 1985.

Decided Nov. 25, 1985.

Keith J. Roland, Albany, N.Y. (Roland & Fogel, Emilio A.F. Petroccione, of counsel) for petitioners Capital Telephone Co., Inc., Tri-City Telephone Co., Inc., and Peter A. Bakal.

Walter C. Reid, New York City (John M. Clarke, Gerald M. Oscar, Richard H. Wagner, New York Telephone Co., of counsel), for Petitioner New York Telephone Company.

John P. Greenspan, Counsel, F.C.C. (Jack D. Smith, General Counsel, Daniel M. Armstrong, Asst. Gen. Counsel, John E. Ingle, Deputy Associate Gen. Counsel, Susan B. Friedman, Counsel, Washington, D.C., on the brief), for respondent F.C.C.

Before KAUFMAN, MANSFIELD and KEARSE, Circuit Judges.

PER CURIAM:

In the midst of their continuing acrimony, the petitioners in this case are ephemerally allied against the Federal Communications Commission.[1] Capital Telephone, Co., Inc., Tri-City Telephone Co., Inc. and Peter A. Bakal ("Capital") petition for review of an FCC order dismissing virtually all of Capital's latest claims against New York Telephone. Petitioner New York Telephone, in turn, asks us to reverse the portion of the order finding that New York Telephone engaged in anticompetitive conduct. Essentially for the reasons proffered by the FCC in its order, we deny both petitions.

The petitioners and their ongoing feud are no strangers to this Court. *See, e.g., Capital Telephone Co. v. New York Telephone Co.,* 750 F.2d 1154, 1156 n. 2 (1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2325, 85 L.Ed.2d 843 (1985). Accordingly, we need recite only the procedural posture of the case and will state the salient facts when necessary.

In 1980, Capital filed a complaint with the FCC Common Carrier Bureau accusing New York Telephone of numerous *Guardband* violations.[2] The Bureau rejected all but one of Capital's claims. Memorandum Opinion and Order, dated May 14, 1982 (the "Bureau order"). In 1975, Capital queried New York Telephone concerning access to its direct distance dialing ("DDD") network. Instead of granting Capital's request, New York Telephone urged Capital to use foreign exchange ("FX") lines, an alternative system. The Bureau ruled New York Telephone should have acceded to Capital's preference for interconnection with the DDD network. By denying Capital access to the system of its choice, the Bureau, found New York Telephone committed a *Guardband* infraction.

Both parties asked the full Commission to review the Bureau order. In a Memorandum Opinion and Order dated May 31, 1985 (the "FCC order"), the FCC denied Capital's application for review and New York Telephone's petition for reconsideration, thereby leaving undisturbed the Bureau's original decision. Capital and New York Telephone then petitioned this Court for review of the FCC order.

At the outset, we note we must uphold the FCC order unless it is arbitrary, capricious, or lacking in any rational basis.

---

**1.** The United States is a statutory respondent pursuant to 28 U.S.C. § 2344.

**2.** *Allocation of Frequencies in 150.8–162 Mc/s Band,* 12 FCC 2d 841, *recon. denied,* 14 FCC 2d 269 (1968), *aff'd sub nom. Radio Relay Corp. v. FCC,* 409 F.2d 322 (2d Cir.1969) [hereinafter cited as *Guardband* ]. In *Guardband,* the FCC pledged to prevent telephone companies from

discriminating against radio common carriers in favor of their own mobile services. Although *Guardband* dealt with a one-way paging service, its principle has since been extended to include two-way services, such as car or boat phones. *Mobile Marine Radio, Inc.,* 63 FCC 2d 266, 269 (1977).

*KCST–TV, Inc. v. FCC,* 699 F.2d 1185, 1191 (D.C.Cir.1983). Because the standard of review is a highly deferential one, we must deny Capital's petition. Generally, Capital demands the FCC expand the *Guardband* principle to bar any difference in treatment between wireline companies and radio common carriers ("RCC's"). Presently, *Guardband* mandates equality of treatment only to the extent a wireline company competes with an RCC in offering mobile services such as car phones or paging systems. The agency acted well within its broad discretion in declining to change its policy in an adjudicative order. *See SEC v. Chenery Corp.,* 332 U.S. 194, 203, 67 S.Ct. 1575, 1580, 91 L.Ed. 1995 (1947). Accordingly, the Commission properly found New York Telephone need not offer Capital, a radio common carrier, all of the services and facilities it provides to the wireline branch of Pattersonville Telephone.

Capital also alleged that New York Telephone improperly reserved to its own radio system an entire NNX code.[3] New York Telephone denied the charge, however, and we affirm the findings of the Bureau and FCC that Capital failed to prove this allegation. Bureau order ¶ 8; FCC order ¶ 5.

Additionally, Capital charges that New York Telephone is not providing Capital with wire service interconnections on the same terms as it makes available to its own radio services. Capital rests its claim on the curious argument that New York Telephone was undercharging, and therefore subsidizing, its own mobile services system. It is true, as Capital contends, that New York Telephone's radio system did not recover its fully authorized amounts for the years prior to Capital's complaint in the regions in which the two companies compete. It does not automatically follow, however, that New York Telephone did not charge to its radio system the costs of interconnecting with its landline network.

Moreover, the Bureau ruled that the issue of rates fell within the ambit of state regulation. Accordingly, the Bureau and the Commission properly found New York Telephone was not discriminating against Capital.

■ Turning to New York Telephone's claim, we first address our jurisdiction to entertain its petition. The FCC points out that New York Telephone is willing to abide by the order and did not have to pay any damages. Accordingly, the Commission contends its finding of a *Guardband* violation was not a "final order" within the meaning of 47 U.S.C. § 402(a) and 28 U.S.C. § 2342(1). The agency's reliance on *American Telephone & Telegraph v. FCC,* 602 F.2d 401 (D.C.Cir.1979), for this proposition is misplaced. In that case, AT & T did not challenge the Commission's ruling that its tariff was unlawful, but it simply took issue with the subsidiary finding that its illicit tariff had anticompetitive effects. Even without this finding, however, the FCC would still have invalidated AT & T's rates. *Id.* at 407 n. 36. Here, in contrast, New York Telephone attacks the foundation of the FCC order—the finding of a *Guardband* violation. The FCC does not suggest that further administrative proceedings are possible or that legal rights and obligations do not flow from the order. The order was therefore "final" for purposes of judicial review. *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 71, 91 S.Ct. 203, 209, 27 L.Ed.2d 203 (1970).

■ Moving to a consideration of the merits, we believe New York Telephone's petition must also be denied. Despite the petitioner's protestations of innocence, the Bureau had support in the record for its finding that New York Telephone's conduct violated *Guardband.* In its attempts to induce Capital to use FX lines, New York Telephone admittedly couched its responses

---

**3.** An NNX code is the group of 10,000 phone numbers associated with one three-digit prefix.

For example, the telephone numbers 791–0000 to 791–9999 constitute one NNX code.

in terms of what was best for Capital. The radio carrier, however, had a right to decide for itself which system was preferable. Because New York Telephone used the DDD network for its own radio system, Capital could not be compelled to adopt the alternate network.

New York Telephone also argues that Capital's complaint was time-barred. By statute, complaints must be filed with the FCC within a two-year statute of limitations. 47 U.S.C. § 415(b). The Commission, however, contends that New York Telephone's actions constituted a "continuing violation", and claims the ability to predicate prospective relief on long-standing conduct. Given our limited right of review, we decline on this matter to interpose our judgment for that of the agency.

Finally, New York Telephone claims the FCC order erroneously based its order on a non-existent Bureau finding that DDD and FX lines are not equivalent. Although the Bureau failed to make an express finding that FX facilities are inferior to the DDD system, New York Telephone never presented this argument to the Commission, and therefore is barred from raising this point on appeal. 47 U.S.C. § 405. Moreover, the FCC properly interpreted *Guardband* to require New York Telephone to allow Capital access to the same facilities the phone company used for its own radio system.

Accordingly, the petitions for review of the FCC order are denied.